IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE L. CLAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-03676-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

　　　　Before the Court is plaintiff Tommie L. Clay's ("Clay") Motion to Remand, filed September 13, 2022. Defendant FCA US LLC ("FCA") has filed opposition, to which Clay has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 21, 2022, and rules as follows.

　　　　In his Complaint, initially filed in state court, Clay asserts four Causes of Action against defendant FCA, each arising under state law and based on his allegations that he purchased a 2013 Dodge Challenger, that he entered into a "warranty contract" with FCA in connection with said purchase, that "[d]efects and nonconformities to [the] warranty manifested themselves within the applicable express warranty period, including[,] but not limited to, the electrical system [and] the engine," that FCA has "been unable to service or repair the [v]ehicle to conform to the applicable express warranties after a reasonable number of opportunities," and that FCA's "failure to comply with its obligations" was "willful." (See Compl. ¶¶ 10-11, 15, 26, 28.)

　　　　On June 22, 2022, FCA removed the Complaint to district court, stating the parties

1    are diverse in citizenship and the amount in controversy exceeds $75,000.  There is no
2    dispute that the parties are diverse in citizenship, as Clay is a citizen of California (see
3    Notice of Removal ¶ 32), and FCA is a citizen of the Netherlands and the United
4    Kingdom (see Notice of Removal ¶¶ 33-34).[1]  Consequently, the Court has diversity
5    jurisdiction if the amount in controversy exceeds the sum of $75,000.  See 28 U.S.C.
6    § 1332(a)(2) (providing diversity jurisdiction exists where action is between "citizens of a
7    State and citizens or subjects of a foreign state" and "the matter in controversy exceeds
8    the sum of $75,000, exclusive of interest and costs").
9         By the instant motion, Clay argues FCA has not shown the amount in controversy
10   exceeds the sum of $75,000.  As set forth below, the Court disagrees.
11        FCA relies on the Complaint's allegations that Clay "suffered damages in a sum to
12   be proven at trial in an amount that is not less than $25,001" (see Compl. ¶ 23) and that
13   Clay is "entitled to a civil penalty of two times [Clay's] actual damages" (see Compl. ¶ 28).
14   Although Clay contends the Complaint's reference to "damages . . . in an amount that is
15   not less than $25,001" includes all the relief he seeks, including civil penalties, the
16   Complaint, in multiple places, expressly distinguishes between "damages" and
17   "penalties" and makes clear Clay is seeking the latter in addition to the former.  (See
18   Compl. ¶¶ 28, 29, 35, 38; see also Compl., Prayer for Relief ¶ a, f.)  Consequently, as
19   FCA argues, the Complaint seeks recovery of at least $75,003, i.e., damages not less
20   than $25,001 plus a civil penalty of at least $50,002.  See, e.g., McDonald v. BMW of
21   North America, 2017 WL 5843385, at *1 (S.D. Cal. November 28, 2017) (finding case
22   removable "based on the face of the complaint," where plaintiff alleged his "damages
23   exceeded $25,000" and he sought "statutory penalties of two times actual damages").

---

[1] Specifically, FCA states that it is a limited liability company ("LLC"), that its sole member is FCA North America Holdings LLC ("FCA North America"), and that FCA North America's sole member is FAC Holdco B.V., a company organized under the laws of the Netherlands and having its principal place of business in the United Kingdom.  (See id.); see also Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding an LLC "is a citizen of every state of which its owners/members are citizens").

Next, the Court is not persuaded by Clay's arguments that FCA has failed to show he will be able to establish his entitlement to civil penalties and that FCA's defenses will not otherwise reduce his recovery to less than the jurisdictional minimum. "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). Here, nothing in the record indicates the sum claimed by Clay in the Complaint was not made in good faith,[2] and potential defenses that, if successful, would cause a plaintiff to recover an amount below the jurisdictional minimum are not considered when determining the propriety of removal. See Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1108 (9th Cir. 2010) (holding district court, in calculating amount in controversy, erred by relying on potential defense that, if successful, would reduce plaintiff's claim to amount below jurisdictional minimum); St. Paul Mercury Indem., 303 U.S. at 292 (holding, even where "it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim," such circumstance "will not justify remand").

Accordingly, Clay's motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 18, 2022

MAXINE M. CHESNEY
United States District Judge

---

[2] Indeed, as FCA points out, Clay seeks as damages "reimbursement of the price paid for the vehicle less that amount directly attributable to use by [him] prior to the first presentation to an authorized repair facility for a nonconformity" (see Compl. ¶ 19); see also Cal. Civ. Code § 1794(b) (providing "reimbursement" is one "measure of the buyer's damages"), and FCA has offered evidence, undisputed by Clay, that the amount to which Clay would be entitled as reimbursement, should he prevail on the merits, would be $34,725.18 (see Nassirian Decl. ¶ 8), which figure when doubled and added to damages as a penalty results in a total recovery of $104,175.54 ($34,725.18 x 3), an amount substantially above the statutory minimum.

3